RICHARD W. NAGEL
CLERK OF COURT

AUG 31 2026 3:06 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-COLUMBUS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THE LISINSKI LAW FIRM, LLC,**
**Plaintiff,**

**Case No. 2:26-cv-00704-SDM-KAJ**

**v.**

**CAMILA OVERMYER, et al.,**
**Defendants.**

## DEFENDANT CAMILA OVERMYER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

Defendant Camila Overmyer, appearing pro se, respectfully moves this Court to dismiss all claims asserted against her pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over her.

Plaintiff's Complaint acknowledges that Defendant Overmyer is domiciled in Indiana. Plaintiff nevertheless attempts to establish specific personal jurisdiction in Ohio principally by alleging that Overmyer's social-media content was viewed by some persons in Ohio and that Plaintiff allegedly experienced injury in Ohio.

Those allegations do not establish the constitutionally required connection between Overmyer herself and the State of Ohio.

For the reasons set forth below, Defendant respectfully requests dismissal of all claims against her for lack of personal jurisdiction.

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

This action arises primarily from statements, interviews, videos, livestreams, and other content published through social-media platforms.

Defendant Camila Overmyer is an Indiana resident. Plaintiff itself specifically alleges in its Complaint that Overmyer is domiciled in Indiana.

Plaintiff nevertheless alleges that Ohio may exercise specific personal jurisdiction over Overmyer because her videos allegedly concerned Plaintiff, were allegedly watched by Plaintiff's clients in Ohio, and allegedly caused injury to Plaintiff in Ohio.

That theory is insufficient under the Due Process Clause.

The constitutional personal-jurisdiction inquiry focuses on Defendant's own contacts with Ohio, not simply Plaintiff's contacts with Ohio, the location of Plaintiff's operations, or the location where Plaintiff claims to have experienced consequences from internet speech.

The United States Supreme Court has made clear that the relationship between a defendant and the forum must arise from contacts that the defendant herself creates with the forum State. Walden v. Fiore, 571 U.S. 277, 284-91 (2014).

The Sixth Circuit has likewise recognized in the context of social-media communications that posting allegedly tortious material on the internet does not automatically subject a defendant to personal jurisdiction wherever the material happens to be viewed. Blessing v. Chandrasekhar, 988 F.3d 889 (6th Cir. 2021).

Because Plaintiff has not alleged constitutionally sufficient forum contacts attributable to Overmyer herself, the claims against her should be dismissed.

## II. FACTUAL BACKGROUND RELEVANT TO PERSONAL JURISDICTION

Plaintiff filed this action in the Southern District of Ohio on June 10, 2026.

Plaintiff alleges that Overmyer created and published social-media content relating to immigration issues, immigration attorneys, Plaintiff's law firm, and experiences described by individuals who appeared on or communicated through her social-media platform.

Plaintiff alleges that certain videos and livestreams were accessible to viewers located in Ohio.

Plaintiff further alleges that some LLF clients in Ohio viewed Overmyer's content and that Plaintiff experienced reputational or financial injury associated with its Ohio operations.

At the same time, Plaintiff expressly alleges that Overmyer is domiciled in Indiana.

Overmyer resides at 4020 Eagle Drive, Gosport, Indiana 47433.

Plaintiff does not allege that Overmyer is domiciled in Ohio.

The Complaint instead invokes specific jurisdiction based upon the alleged effects of internet communications and Plaintiff's assertion that Overmyer's content reached persons located in Ohio.

## III. LEGAL STANDARD

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to seek dismissal for lack of personal jurisdiction.

When personal jurisdiction is challenged, Plaintiff bears the burden of establishing that jurisdiction is proper.

Personal jurisdiction over a nonresident defendant must satisfy applicable state-law requirements as well as the Due Process Clause of the United States Constitution.

### B. Specific Personal Jurisdiction Requires Constitutionally Sufficient Contacts With Ohio

The Due Process Clause requires sufficient minimum contacts between the defendant and the forum such that exercising jurisdiction is consistent with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

For specific jurisdiction, the litigation must arise from or relate to sufficiently substantial forum-related contacts created by the defendant.

The Supreme Court explained in Walden v. Fiore that the relationship must arise out of contacts that the defendant herself creates with the forum State. 571 U.S. 277, 284 (2014).

The Court further emphasized that the defendant's relationship with a plaintiff or other third party, standing alone, is insufficient. The focus must remain on the relationship among the defendant, the forum, and the litigation.

### C. Social-Media Publication Does Not Automatically Create Jurisdiction Everywhere Content Can Be Viewed

The Sixth Circuit addressed internet-based communications in Blessing v. Chandrasekhar, 988 F.3d 889 (6th Cir. 2021).

There, the court examined whether allegedly tortious social-media posts provided sufficient minimum contacts with the forum.

The decision recognizes that internet communications, which can be accessed virtually anywhere, do not automatically create personal jurisdiction in every state in which a user happens to read them.

Instead, the defendant must herself establish constitutionally meaningful contacts with the particular forum.

## IV. ARGUMENT

### A. Plaintiff Acknowledges That Overmyer Is an Indiana Resident.

The Complaint itself states that Overmyer is domiciled in Indiana.

Overmyer is therefore not subject to general personal jurisdiction in Ohio merely based upon her residence.

Plaintiff must instead establish specific jurisdiction arising from Overmyer's suit-related contacts with Ohio. Plaintiff has not adequately done so.

### B. Plaintiff's Allegation That Ohio Residents Viewed Overmyer's Social-Media Content Is Insufficient.

Plaintiff alleges that Overmyer's videos were watched by Plaintiff's clients in Ohio.

But social-media content posted on platforms such as TikTok is generally accessible without regard to state boundaries.

The fact that an Ohio resident can access or view a social-media post does not establish that the person who published the material purposefully established meaningful contacts with Ohio.

Otherwise, anyone who posts a video on a nationwide or worldwide social-media platform could potentially be subjected to personal jurisdiction in every state where someone watches it.

That is inconsistent with the defendant-focused minimum-contacts analysis required by the Due Process Clause.

### C. Plaintiff's Location and Alleged Injury in Ohio Cannot Substitute for Overmyer's Own Contacts With Ohio.

Plaintiff alleges that Overmyer's conduct caused reputational or financial injury in Ohio.

But the Supreme Court specifically rejected a personal-jurisdiction analysis based merely upon the location where a plaintiff experiences injury.

In Walden, the Supreme Court explained that mere injury to a forum resident is not a sufficient connection to the forum. 571 U.S. at 290.

The defendant's conduct must connect the defendant herself to the forum in a meaningful way.

Accordingly, LLF's offices, clients, business activities, or claimed injuries in Ohio do not by themselves create personal jurisdiction over an Indiana resident.

**D. Plaintiff Has Not Alleged Sufficient Ohio-Directed Conduct by Overmyer.**

Plaintiff alleges that Overmyer published social-media content concerning Plaintiff and that some viewers were located in Ohio.

But Plaintiff must demonstrate more than foreseeable internet access from Ohio.

The relevant inquiry is whether Overmyer purposefully directed suit-related conduct toward Ohio such that she should reasonably anticipate being haled into court there.

The Complaint's principal jurisdictional allegation is that Overmyer's videos were watched by LLF clients in Ohio.

That allegation focuses upon the actions and locations of viewers, not upon contacts created by Overmyer herself with the State of Ohio.

Such third-party activity cannot alone establish the constitutionally required minimum contacts.

**E. Knowledge That Plaintiff Had Ohio Operations Does Not By Itself Establish Jurisdiction.**

Even assuming Overmyer knew that LLF maintained offices or clients in Ohio, knowledge of a plaintiff's connection to a forum does not automatically establish personal jurisdiction.

The Supreme Court in Walden made clear that a defendant's relationship with a forum-connected plaintiff is not the same thing as a defendant's relationship with the forum itself.

The proper question is whether Overmyer's own suit-related conduct created a substantial connection with Ohio.

Plaintiff's Complaint does not sufficiently establish such a connection.

### F. Ohio's Long-Arm Statute Does Not Eliminate the Constitutional Due-Process Requirement.

Plaintiff invokes Ohio Rev. Code § 2307.382.

But regardless of whether Plaintiff contends that one of the statutory provisions applies, the exercise of personal jurisdiction must still comply with the United States Constitution.

Ohio Rev. Code § 2307.382 cannot permit the exercise of jurisdiction in violation of federal due-process requirements.

Thus, even if Plaintiff alleges an injury associated with Ohio, Plaintiff must still establish constitutionally sufficient contacts between Overmyer herself and Ohio.

Because those contacts are lacking, exercising personal jurisdiction would violate due process.

### G. Exercising Jurisdiction Over Overmyer Would Not Comport With Traditional Notions of Fair Play and Substantial Justice.

Overmyer resides in Indiana.

The challenged conduct consists principally of internet and social-media communications published outside Ohio to a broad audience.

The Complaint does not establish the type of purposeful Ohio contacts necessary to justify forcing an Indiana resident to defend this action in Ohio based principally upon where internet viewers happened to be located.

Exercising personal jurisdiction under these circumstances would expand specific jurisdiction beyond its constitutional limits.

## V. REQUEST FOR JURISDICTIONAL DISMISSAL BEFORE CONSIDERATION OF THE MERITS

Personal jurisdiction is a threshold issue.

Overmyer therefore respectfully requests that the Court resolve the jurisdictional question before reaching the merits of Plaintiff's substantive allegations.

Overmyer does not, by filing this Motion, concede any allegation contained in Plaintiff's Complaint.

Overmyer expressly denies Plaintiff's allegations of wrongdoing and preserves all defenses available to her.

This Motion is directed specifically to whether this Court has authority to exercise personal jurisdiction over Overmyer.

## VI. CONCLUSION

For the foregoing reasons, Defendant Camila Overmyer, appearing pro se, respectfully requests that this Court:

1. Grant Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2);
2. Dismiss all claims asserted against Camila Overmyer for lack of personal jurisdiction;
3. Dismiss the claims without prejudice to the extent required when dismissal is based upon lack of personal jurisdiction; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Camila Overmyer**
Camila Overmyer, Pro Se
4020 Eagle Drive
Gosport, IN 47433
Telephone: (812) 881-0220
Email: camilaovermyer@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on 8-25, 2026, I served a true and correct copy of the foregoing Defendant Camila Overmyer's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) upon counsel for Plaintiff by the method permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Counsel for Plaintiff includes:

David J. Butler
Taft Stettinius & Hollister LLP
41 S. High Street, Suite 1800
Columbus, Ohio 43215-4213

and all other counsel of record through the Court's electronic filing system, if electronic service is available to Defendant, or otherwise by an authorized method of service.

Date: 8-25-2026