**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

THE LISINSKI LAW FIRM, LLC,

Plaintiff,

v.

CAMILA OVERMYER a/k/a CAMELIA GUAD MAGANA MADRIGAL, JAMES BETZOLD, ROBERTO ALVAREZ, INNA SIMAKOVSKY, BETZOLD LAW, PLC d/b/a VISA FELIZ, AVANTI LAW GROUP, PLLC, SIMAKOVSKY LAW GROUP, LLC, and JOHN DOES 1-6,

Defendants.

Civil Action No. 2:26-cv-00704

Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

**THE LISINSKI LAW FIRM, LLC'S RESPONSE TO JAMES BETZOLD AND BETZOLD LAW, PLC D/B/A VISA FELIZ'S MOTION TO STAY PENDING RULING ON MOTION TO DISMISS**

Plaintiff The Lisinski Law Firm, LLC ("LLF"), by and through its undersigned counsel, hereby responds to Defendants James Betzold ("Betzold") and Betzold Law, PLC d/b/a Visa Feliz's ("Betzold Law") (collectively, "Defendants") Motion to Stay Pending Ruling on Motion to Dismiss (ECF No. 45, the "Motion").

## I. INTRODUCTION

This action arises from Defendants' conspiracy to defame and unfairly compete with LLF, an Ohio-based law firm, including through spreading false accusations of fraud and criminal conduct against LLF. Defendants simultaneously falsely advertised "free second opinions" which in actuality were used to file bar grievances and funnel clients to Defendants for personal profit. In conspiring against LLF, Defendants directly and intentionally targeted an Ohio-based law firm and caused harm in the State of Ohio, making Defendants plainly subject to this Court's

jurisdiction. Despite this, Defendants contend that they are not subject to this Court's jurisdiction and moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(2). *See* ECF No. 37. Following their motion to dismiss, the parties submitted their case management report in which Defendants asked the Court to stay all discovery as to the Defendants. *See* ECF No. 39, p. 6. Subsequently, Defendants filed the Motion, in which they seek to stay only certain proceedings in this case until their motion to dismiss is resolved.

Specifically, Defendants ask the Court to stay depositions and mediation until the Court decides Defendants' motion to dismiss, but agree that jurisdictional discovery and written discovery may proceed.[1] LLF does not oppose a "stay" of depositions pending resolution of Defendants' motion to dismiss; as a practical matter, the parties will not be ready to take depositions for some months anyway, when written discovery is substantially complete, thus the Defendants' requested stay likely will not impact the cadence of this litigation. Regarding mediation, however, because LLF hopes to avoid piecemeal litigation of this case and streamline an amicable resolution if that is at all possible, LLF opposes Defendants' request to be excused from early mediation of this matter. *See* ECF No. 41.

## II. ARGUMENT

Defendants cite no case law or rule to support their argument that they should not be required to attend mediation while their motion to dismiss is pending. Contrary to Defendants' argument, it is proper for courts to require mediation even if jurisdictional questions are pending. *See, e.g.*, *Spradlin v. Richard*, 572 Fed. Appx. 420, 423 (6th Cir. 2014) (noting lower court ordered parties to mediate claims without ruling on motion to dismiss for lack of subject-matter

[1] Defendants attached a stipulated proposed order to the Motion. Defendants neither discussed nor provided this proposed order to LLF before filing it with the Court. LLF takes no position on the proposed order.

jurisdiction); *Array of Soap, LLC v. Magnolia Soap and Bath Co. FRCH, LLC*, 2026 WL 617336 at *1 (S.D. Ohio 2026) (noting court facilitated mediation during pendency of motion to dismiss for lack of subject-matter jurisdiction). Requiring a party's participation in litigation despite a pending jurisdictional motion is the norm; a stay is the exception. *See, e.g., Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *2 (S.D. Ohio July 6, 2021) ("the Court has frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery'" and noting if the Federal Rules of Civil Procedure contemplated that a motion to dismiss stayed discovery, the Rules would state as much) (quoting *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010). Moreover, as will be set forth in LLF's opposition to the motion to dismiss, Defendants are subject to this Court's jurisdiction. Defendants attacked an Ohio entity; they should reasonably expect to be hailed into court in Ohio.

Additionally, Defendants already are participating in this litigation, and the burden of participating in mediation is minimal. If the parties can resolve all or part of this dispute through mediation, the Court will be spared the need to adjudicate not only Defendants' motion to dismiss, but the entire case. Mediation provides a minimally burdensome and efficient way to potentially resolve this matter. As such, this Court should require Defendants attend mediation and deny Defendants' Motion to the extent that the Motion relieves Defendants from attending mediation.

## III. CONCLUSION

As described above, the parties agree written and jurisdictional discovery may, and depositions may not, proceed while Defendants' motion to dismiss is decided. Defendants' additional request to avoid possible early resolution of this matter via mediation – simply because Defendants raised baseless jurisdictional arguments – should be denied.

Respectfully submitted,

Jason P. Mehta (*Pro hac vice forthcoming*)
Primary email: jmehta@foley.com
Secondary email: dmills@foley.com
Heather A. Lee (*pro hac vice forthcoming*)
Primary email: hlee@foley.com
Secondary email: dmills@foley.com
**FOLEY & LARDNER LLP**
100 N. Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 229-2300
Facsimile: (813) 221-4210

*\/s/ David J. Butler*
David J. Butler (0068455), Trial Attorney
Email: dbutler@taftlaw.com
**TAFT STETTINIUS & HOLLISTER LLP**
41 S. High Street, Suite 1800
Columbus, Ohio 43215-4213
Phone: (614) 221-2838
Fax: (614) 221-2007

David M. DeVillers (0059456)
Email: David.DeVillers@btlaw.com
**BARNES & THORNBURG LLP**
41 S. High St. Suite 3300
Columbus, Ohio 43215
Phone: (614)-628-0096
Fax: (614)-628-1433

*Counsel for Plaintiff The Lisinski Law Firm, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, the forgoing The Lisinski Law firm, LLC's Response to James Betzold and Betzold Law, PLC d/b/a Visa Feliz's Moton to Stay Pending Ruling on Motion to Dismiss was filed electronically and accordingly served on counsel of record by operation of the Court's electronic filing system as follow:

David M. Saperstein
Maddin Hauser Roth & Heller, PC
One Towne Square, Fifth Floor
Southfield, Michigan 48076
Telephone (248) 827-1885
Email: dsaperstein@maddinhauser.com

*Counsel for James Betzold*

Cara M. Wright
James A. Lacey
Jeffrey A. Yeager
Freeman, Mathis & Gary, LLP
65 East State Street, Suite 2550
Columbus, Ohio 43215
Telephone: (614)699-2386
Facsimile: (888)356-3590
Email: cara.wright@fmglaw.com
james.lacey@fmglaw.com
Jeffrey. Yeager@fmglaw.com

*Counsel for Roberto Alvarez*

Joseph W. Borchelt
Reminger & Reminger Co. LPA
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Telephone: (513) 721-1311
Facsimile: (513) 721-2553
Email: Jborchelt@reminger.com

and



304133837v1

D. Patrick Kasson
Thomas N. Spyker
Reminger Co., LPA
955 Yard Street, Suite 330
Columbus, Ohio 43212
Telephone: (614) 228-1311
Facsimile: (614) 232-2410
Email: pkasson@reminger.com
tspyker@reminger.com

*Counsel for Defendant Inna Simakovsky*

Camila Overmyer aka Camelia Guad Magana Madrigal
4020 Eagle Drive
Gosport, IN 47433
Email: camilaovermyer@icloud.com
(812) 881-0220
*Pro Se*

*/s/ David J. Butler*
David J. Butler